**Michael Fuller, OSB No. 09357**
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-222-2000

**Kelly D. Jones, OSB No. 074217**
The Law Office of Kelly D. Jones
kellydonovanjones@gmail.com
Direct 503-847-4329

Of Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **TIM CARR** individually and on behalf of other customers<br><br>Plaintiff<br><br>vs<br><br>**WALGREEN CO.**<br><br>Defendant | Case No. 3:20-cv-1349<br><br>**CLASS ACTION COMPLAINT**<br><br>Unlawful Trade Practices<br><br>Unjust Enrichment<br><br>Demand for Jury Trial |

**1.**

## INTRODUCTION

Plaintiff files this class action on behalf of thousands of other Oregon Walgreen customers who were charged more than the advertised price for certain multipack consumer goods. When plaintiff learned that Walgreen had overcharged him he complained but Walgreen refused to refund the overcharge. When plaintiff complained to Walgreen management, plaintiff was told that Walgreen has collected the overcharge from literally thousands of other customers. Plaintiff now seeks damages for every customer ripped off by Walgreen's intentional overcharging scheme.

**2.**

Walgreen is a national retail chain with 76 stores in Oregon and over $100 billion in annual revenue. Walgreen understands that the retail industry involves tight profit margins and high sales volumes. Walgreen understands that it is profitable to overcharge customers in small amounts that many customers will not notice. Walgreen understands that even customers who check their receipts and notice that they were overcharged may not take the time to demand a refund if the overcharge is small enough. Walgreen has been subject to various unlawful trade practices lawsuits in Oregon and Walgreen understands that ORS 646.608 does not allow corporations to overcharge customers.

**3.**

## JURISDICTION AND THE PARTIES

This Court has jurisdiction under 28 U.S.C. § 1332 because the refunds and penalties sought in this case exceed $5 million, and because plaintiff is a citizen of Oregon and Walgreen is a citizen of Illinois.

**4.**

Defendant Walgreen Co. (Walgreen) is an Illinois corporation and a "person" as defined at ORS 646.605(4) that regularly advertises consumer goods for sale to Oregon customers.

**5.**

Plaintiff Tim Carr is an Oregon citizen and a Walgreen customer and a "person" as defined at ORS 646.605(4) who bought consumer goods at his local Walgreen store.

**6.**

Venue is proper under 28 U.S.C. § 1391 because the bulk of Walgreen's sales of consumer goods as alleged in this complaint took place in the Portland, Oregon area.

7.

## FACTUAL ALLEGATIONS

On August 2, 2020 at approximately 8:20am, plaintiff stopped into a Walgreen store at 2829 N Lombard Street in Portland, Oregon to purchase consumer goods for his personal consumption. Plaintiff selected an eight-pack of Wyler's Light Pink Lemonade drink mix off the shelf. Walgreen advertised that plaintiff's cost for the eight-pack of Wyler's Light Pink Lemonade drink mix was $1.00. Plaintiff took the eight-pack of Wyler's Light Pink Lemonade drink mix to the register along with other consumer goods and handed his debit card to the clerk. Walgreen charged plaintiff's debit card, then gave plaintiff a receipt.

8.

Plaintiff reviewed his receipt and noticed that the eight-pack of Wyler's Light Pink Lemonade drink mix cost him $1.80, 80 cents more than the price advertised by Walgreen on the shelf. Plaintiff complained to Walgreen management and was refused a refund of the 80 cents he was overcharged. When plaintiff complained to Walgreen management, plaintiff was told that Walgreen has collected the overcharge from literally thousands of other customers.

**9.**

Oregon's Unit Pricing Law provides that "no person shall sell or offer for retail sale at a grocery store or food market any packaged consumer commodity unless there is clearly displayed upon the commodity package or at a place in reasonable proximity to where the commodity is offered for sale a statement of the unit retail price of the commodity pursuant to ORS 616.870 (prescribed pricing by units of measurement) and *the total retail price of the commodity.*" ORS 616.860(1) (emphasis added).

**10.**

The multipack of goods that plaintiff (and the putative class members) purchased from Walgreen subject to this case are consumer goods obtained primarily for personal, family or household purposes under ORS 646.605(6)(a) and subject to Oregon's Unit Pricing Law.

**11.**

**CLASS ACTION ALLEGATIONS**

Under FRCP 23, plaintiff brings this action on behalf of himself and all other similarly situated Oregon Walgreen customers. The class is initially defined as:

a) Oregon Walgreen customers, who, after August 11, 2019,

b) Were charged more by Walgreen for a multipack consumer good subject to Oregon's Unit Pricing Law than the price advertised by Walgreen on the shelf for the multipack consumer good.

**12.**

A class action is proper under FRCP 23(a) given the number of Walgreen stores in Oregon, and based on information that the class consists of thousands of individual Oregon customers, and joinder of all members is impracticable. Class members may be identifiable based on Walgreen's receipts, Walgreen's credit and debit card transactions, and based on independently submitted claim forms. Excluded from the class are all attorneys for the class, executives of Walgreen, any judge who sits on the case, and all jurors and alternate jurors who sit on the case.

**13.**

This action can be maintained as a class action under FRCP 23(a) and (b) because there are questions of law and fact common to the class members, which predominate over any questions relating to individual class members, including but not limited to:

a) Whether Walgreen made false or misleading representations of fact about the true cost of consumer goods,

b) Whether Walgreen advertised consumer goods as having a certain cost, with the intent not to provide its consumer goods for that advertised cost,

c) Whether Walgreen's behavior as alleged in this complaint violated Oregon's Unlawful Trade Practices Act,

d) Whether Walgreen behaved willfully, intentionally, recklessly or maliciously, and

e) Whether under Oregon law, Walgreen should be able to retain the overcharges it wrongfully collected from its customers.

**14.**

Plaintiff's claims are typical of the claims of the class members, as they are based on the same factual circumstances, common representations, common omissions, and legal theories. Plaintiff has no interests adverse to the class members. Plaintiff will fairly and adequately represent and protect the interests of the members of the

class. Plaintiff has retained nationally known and locally respected counsel experienced in class action litigation to further ensure such representation and protection of the class. Plaintiff and his counsel intend to prosecute this action vigorously and have the resources necessary to successfully try this case to judgment.

**15.**

A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Absent class-wide adjudication, members of the class are without effective recourse. Few, if any, class members can afford to prosecute individual actions against Walgreen, especially in light of the amounts of overcharges at issue. Absent class treatment, Walgreen's alleged wrongdoing would go unabated, and no class member would be afforded the opportunity to seek judicial relief, whether for themselves or for the public good generally.

**16.**

The nature and amount of the overcharge at issue means that very few, if any class members will choose to litigate a claim on an individual basis. This case is economically viable only as a class action.

**17.**

A class action is appropriate under FRCP 23(b)(3) because the questions of law and fact regarding the nature and legality of Walgreen's behavior as alleged in this complaint predominate over any questions affecting only individual class members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy, for the following reasons:

a) The prosecution of separate actions creates a risk of inconsistent or varying rulings,

b) The common questions of law and fact described above predominate over questions affecting only individual members,

c) Individual class members would have little interest in controlling the prosecution of separate actions due to the nature and amount of overcharge at issue and because of the expenses of litigation,

d) This is a desirable forum because this Court has significant experience managing class actions, and

e) A class action will be an efficient method of adjudicating the claims of the class members.

18.

## CLAIMS FOR RELIEF

### – Claim 1 for Violations of the UTPA –

This is not a class action claim for damages at this time. Plaintiff intends to maintain this case as a class action for damages only if Walgreen fails to cure its UTPA violations.[1] Walgreen violated ORS 646.608(1)(s) of the UTPA when in the course of its business it made false or misleading representations of fact about the true and total cost of consumer goods by failing to disclose its hidden overcharges in the prices it advertised on its shelves, although Walgreen knew it charged more than the advertised cost at its registers, causing plaintiff ascertainable loss in the amount of the illegal 80 cent overcharge Walgreen collected from him. Walgreen's failure to disclose the true total cost of its multipack consumer goods on the price tags on its shelves where the goods were sold also failed to comply with Oregon's Unit Pricing Law, because the omission of this information did not accurately

---

[1] In prior class action litigation under the UTPA, Walgreen asserted that ORCP 32 I and J prohibited a claim for damages in an initial federal court complaint. Walgreen did not explain why it believed an Oregon procedure rule applied in federal court, and Walgreen blamed the plaintiff and her counsel for seeking a windfall in statutory damages without first giving Walgreen an opportunity to cure its UTPA violations. Accordingly, plaintiff intends to serve Walgreen with an ORCP 32 I demand letter, and will file an amended complaint for damages only if Walgreen does not comply with ORCP 32 I and cure its UTPA violations.

**COMPLAINT** – Page 10 of 14

display the total retail price that Walgreen actually charged for the consumer goods. *See* ORS 616.860(1). As a result of Walgreen's failure to disclose the true total price of the consumer goods in the prices advertised on its shelves, as required by Oregon's Unit Pricing Law and in violation of ORS 646.608(1)(s), plaintiff and the class members suffered an ascertainable loss in the overcharges collected by Walgreen at its registers.

19.

Walgreen's violation of ORS 646.608(1)(s) was willful, reckless, and knowing because Walgreen knew Oregon law prohibited overcharges based on prior litigation under the UTPA, and Walgreen admitted knowledge that thousands of customers have been overcharged, and Walgreen refused plaintiff a refund, did not stop overcharging customers at its registers, even after plaintiff notified Walgreen of his complaint that he was overcharged.

20.

Plaintiff seeks an injunction under ORS 646.636 to stop Walgreen's ongoing unlawful trade practices. Plaintiff and the class are entitled to recover attorney fees and costs under ORS 646.638.

**COMPLAINT** – Page 11 of 14

**21.**

**– Claim 2 for Unjust Enrichment –**

This is not a class action for damages at this time. Plaintiff intends to maintain this case as a class action for damages only if Walgreen fails to cure its UTPA violations. As a matter of justice and equity, Walgreen should not be able to retain the overcharges it wrongfully collected from plaintiff and the putative class members under the circumstances described in this complaint. *Inter alia*, "a transfer induced by fraud or material misrepresentation is subject to rescission and restitution. The transferee is liable in restitution as necessary to avoid unjust enrichment." Restatement (3d) Restitution §13(1)). Therefore, plaintiff and the putative class are entitled to restitution in the amount of the overcharges that Walgreen collected from them as part of the cost for consumer goods.

**22.**

Demand for jury trial.

**23.**

**PRAYER FOR RELIEF**

Plaintiff seeks relief as follows:

A. An injunction under ORS 646.636 to stop Walgreen's ongoing unlawful trade practices as alleged in this complaint,

B. An order under FRCP 23 that this case may proceed as a class action

C. An order under ORS 646.638 that Walgreen violated Oregon's Unlawful Trade Practices Act,

D. A judgment under ORS 646.638 for reasonable attorney fees and costs, and

E. For any other relief this Court may determine is fair and proper.

August 11, 2020

        **RESPECTFULLY FILED,**

        s/ Michael Fuller
        **Michael Fuller, OSB No. 09357**
        Lead Trial Attorney for Plaintiff
        OlsenDaines
        US Bancorp Tower
        111 SW 5th Ave., Suite 3150
        Portland, Oregon 97204
        michael@underdoglawyer.com
        Direct 503-222-2000

# CERTIFICATE OF SERVICE

I certify that I caused this document to be served on:

**State of Oregon**
**c/o Oregon Department of Justice**
**1162 Court St. NE**
**Salem, Oregon 97301-4096**

August 11, 2020

                                                s/ Michael Fuller
                                                **Michael Fuller, OSB No. 09357**
                                                Lead Trial Attorney for Plaintiff
                                                OlsenDaines
                                                US Bancorp Tower
                                                111 SW 5th Ave., Suite 3150
                                                Portland, Oregon 97204
                                                michael@underdoglawyer.com
                                                Direct 503-222-2000