FILED 25 NOV '20 08:22USDC-ORP

Timothy W. Snider, OSB No. 034577
timothy.snider@stoel.com
Stephen H. Galloway, OSB No. 093602
stephen.galloway@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380
Facsimile: 503.220.2480

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| TIM CARR, individually and on behalf of other customers,<br><br>Plaintiff,<br><br>v.<br><br>WALGREEN CO.,<br><br>Defendant. | Case No.: 3:20-cv-01349-SI<br><br>**DEFENDANT'S MOTION TO COMPEL ARBITRATION AND/OR DISMISS** |

## LOCAL RULE 7-1 CERTIFICATION

Pursuant to Local Rule of Civil Procedure 7-1(a), the parties have conferred in a good faith effort to resolve this dispute but have been unable to do so.

## MOTION

Defendant Walgreen Co. ("Walgreens") moves the Court for an order (1) compelling plaintiff Tim Carr ("Plaintiff") to arbitrate his claims in the manner provided for in the parties'

Page 1  -  DEFENDANT'S MOTION TO COMPEL ARBITRATION AND/OR DISMISS

written agreement to arbitrate pursuant to 9 U.S.C. § 4, and (2) dismissing this action pursuant to Federal Rule of Civil Procedure 12(b)(1). In support of this Motion, Walgreens submits the below Memorandum in Support and the Declarations of Patrick McLean ("McLean Dec."), Jason Norton ("Norton Dec."), and Timothy W. Snider ("Snider Dec.") filed herewith.

## MEMORANDUM IN SUPPORT

### I. INTRODUCTION

Plaintiff claims that Walgreens violated the Unlawful Trade Practices Act ("UTPA") and was unjustly enriched when it erroneously charged him an 80-cent "recycling fee" in connection with his purchase of an 8-pack of Wyler's powdered lemonade mix. The Complaint alleges that Plaintiff "complained to Walgreen management and was refused a refund of the 80 cents he was overcharged." (Compl. ¶ 8.) These allegations are false. Video evidence and sworn testimony provided to Plaintiff's counsel in advance of the filing of this Motion demonstrate that Plaintiff was, in fact, refunded the erroneous charge (and a second erroneous 10-cent charge) at the point-of-sale the moment the mistake was discovered. Plaintiff nonetheless continues to pursue this baseless putative class action lawsuit over an erroneous charge that was refunded to him.

But even if Walgreens had mistakenly overcharged Plaintiff and refused to refund him as alleged, Plaintiff previously agreed that he would arbitrate such disputes with Walgreens, and he further agreed not to pursue any such claims as a class action. Plaintiff made this promise to Walgreens as part of the Terms and Conditions ("T&Cs") of his membership in Walgreens Balance Rewards program, which allows customers to accrue points and redeem them for Walgreens purchases. Plaintiff made the purchases at issue in this lawsuit using his Balance Rewards membership and earned points in connection with those purchases. The T&Cs in effect at the time of these transactions included a dispute resolution provision requiring arbitration of

Page 2   -   DEFENDANT'S MOTION TO COMPEL ARBITRATION AND/OR DISMISS

all disputes, including the claims alleged in this lawsuit (the "ADR Agreement"). The Court should enforce the parties' ADR Agreement, compel Plaintiff to arbitrate his claims, and dismiss this action.

## II. BACKGROUND

Walgreens is a national retailer with locations in all 50 states. It is one of the largest pharmacies in the United States and, in addition, sells thousands of products to its customers, ranging from food and beverage items, to over-the-counter medicines and homewares. (McLean Dec. ¶ 2.) Like many retailers, Walgreens offers a customer loyalty program, called Balance Rewards, in which customers can earn points from purchases and redeem them for discounts on Walgreens' goods and services. (*Id.* ¶ 3.)

To participate in the Balance Rewards program, customers must agree to the program's T&Cs. (*Id.*) The T&Cs in effect when Plaintiff made the purchases at issue in this lawsuit included the ADR Agreement, titled "Dispute Resolution," which governs potential claims by Balance Rewards members including Plaintiff. (*Id.* ¶ 6, Ex. 3 at 5.) It states, in relevant part, as follows:

> "If a dispute ever arises between Member and Company relating in any way to the Agreement or the Company's Balance Rewards Program, including claims based on state or federal statutes, Member should first contact Company. If the matter cannot be resolved informally, Member and Company each agree that any and all disputes or claims that have arisen or may arise between Member and Company shall be resolved exclusively through final and binding arbitration, rather than in court, except that Member may assert claims in small claims court, if Member's claims qualify ('Agreement to Arbitrate')."

(*Id.*)[1] The ADR Agreement provides that arbitration must be conducted in the member's home county (here, Multnomah County) by the American Arbitration Association ("AAA") pursuant to the Federal Arbitration Act ("FAA"). (*Id.*)

Plaintiff and his wife became Balance Reward members on or about June 19, 2014. (*Id.* ¶ 5.) Since then, they have accrued 19,020 points in the Balance Rewards program, and redeemed 13,000 of those points for Walgreens' goods and services. (*Id.*) Plaintiff most recently redeemed Balance Rewards points on May 30, 2020. (*Id.*)

On August 2, 2020, Plaintiff made several purchases using his Balance Rewards account at the Walgreens store on North Lombard Street in Portland. (*Id.* ¶ 4; Compl. ¶ 7.) Among other items, he purchased an eight-pack of Wyler's Light Pink Lemonade drink mix for $1.00. (McLean Dec. ¶ 4, Ex. 1; Compl. ¶ 7.) Due to a technical issue with Walgreens' newly-installed point-of-sale system, Plaintiff was charged an 80-cent "recycling fee" in connection with the purchase because the new system erroneously recognized the eight Wyler's packets as containers subject to Oregon's Bottle Bill requiring a 10-cent deposit. (Norton Dec. ¶¶ 2-4.) This error was recognized at the checkout counter, and the shift manager refunded Plaintiff the erroneous charge with change from the cash register. (*Id.* ¶ 5.) The interaction between Plaintiff and the shift manager was captured by the store's surveillance cameras, including the manager returning to Plaintiff the erroneously charged amount. (*Id.*, Ex. 2.)[2]

---

[1] The T&Cs also contain a class action waiver, which provides as follows: "Member and Company agree that either Party may bring claims against the other only on an individual basis and not as a plaintiff or class member in any purported class or representative action or proceeding." (McLean Dec. ¶ 6, Ex. 3 at 5.)

[2] The surveillance footage also captured Plaintiff refusing to wear a mask in violation of Oregon law and Walgreens' store policies requiring face masks and social distancing.

Page 4  -  DEFENDANT'S MOTION TO COMPEL ARBITRATION AND/OR DISMISS

Nine days later, Plaintiff initiated this putative class action asserting claims that Walgreens violated the UTPA and was unjustly enriched because "Walgreen refused to refund the overcharge" in what he calls "Walgreen's intentional overcharging scheme." (Compl. ¶ 1.) Not only are Plaintiff's claims false based on irrefutable video evidence, the claims should not have been brought in this Court because Plaintiff agreed to arbitrate any such disputes in individual arbitration under the ADR Agreement. Walgreens respectfully requests that this Court compel Plaintiff to arbitrate his individual claims as promised.

### III. ARGUMENT

**A.     The FAA Requires Enforcement of the ADR Agreement.**

In the T&Cs, the parties agreed that "[t]he Federal Arbitration Act governs the interpretation and enforcement of this Agreement to Arbitrate." (McLean Dec. ¶ 6, Ex. 3 at 5.) Section 2 of the FAA mandates that arbitration provisions in contracts "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "The 'principal purpose' of the FAA is to 'ensure that private arbitration agreements are enforced according to their terms.'" *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011) (citation, and brackets omitted). The FAA reflects "a liberal federal policy favoring arbitration" and the "fundamental principle that arbitration is a matter of contract," and accordingly, "courts must place arbitration agreements on an equal footing with other contracts, and enforce them according to their terms." *Id.* at 339 (internal quotation marks and citations omitted).

Under Section 4 of the FAA, a party may petition a federal district court for an order directing that arbitration proceed in the manner provided for in such agreement, and "[t]he court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or

Page 5   -   DEFENDANT'S MOTION TO COMPEL ARBITRATION AND/OR DISMISS

the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. In ruling on a motion to compel arbitration, "[t]he court's role under the [FAA] is therefore limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue. If the response is affirmative on both counts, then the Act requires the court to enforce the arbitration agreement in accordance with its terms." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (citations omitted); *see also Lifescan, Inc. v. Premier Diabetic Servs.*, 363 F.3d 1010, 1012 (9th Cir. 2004) ("By its terms, section 4 of the FAA limits the court's discretion; the court must order the parties to proceed to arbitration only in accordance with the terms of their agreement."). Here, the ADR Agreement is a valid agreement to arbitrate between Plaintiff and Walgreens, and Plaintiff's claims are within its scope.

**1.     The ADR Agreement Requires the Parties to Arbitrate All Claims.**

When Plaintiff joined the Balance Rewards program on June 19, 2014, the T&Cs provided that, "[b]y participating in Balance Rewards, Member agrees to the terms and conditions, rules, regulations, policies, and procedures of the Program available at Walgreens.com/Balance." (McLean Dec. ¶ 5, Ex. 2 at 1.) The T&Cs further provided that "Walgreen Co. reserves the right to change the terms or conditions of the Program or terminate the Program at any time without prior written notice. Communications about Balance Rewards, including changes to the Program, will be posted on Walgreens.com/Balance." (*Id.*)

Walgreens most recently updated the T&Cs to include the ADR Agreement and other program changes on January 1, 2020—more than eight months before the transaction at issue here. (*Id.* ¶ 6.) The updated T&Cs were posted on Walgreens' website as agreed with Plaintiff,

Page 6   -   DEFENDANT'S MOTION TO COMPEL ARBITRATION AND/OR DISMISS

and they were also available in hard copy at Walgreens retail stores (including the North Lombard store) along with other information about Walgreens Balance Rewards program. (*Id.*, Ex. 4.)

After the T&Cs were updated and notice provide to program members on the Walgreens website, Plaintiff continued to participate in the Balance Rewards program and, under the terms of the T&Cs, accepted the revised terms. He used his Balance Rewards account in connection with at least 29 purchases after January 1, 2020, redeemed at least 10,000 points, received savings of at least $56.14, and accrued at least 16,000 Balance Rewards points. (*Id.* ¶ 7.) Plaintiff also used his Balance Rewards account in connection with the Wyler's lemonade packet purchase that is the subject of this lawsuit. (*Id.*) Under the terms of the T&Cs, Plaintiff is bound by the latest version of the T&Cs, and the ADR Agreement contained therein.[3]

### 2.      Plaintiff's Claims Are Within the Scope of the ADR Agreement.

There is a strong federal policy favoring arbitration. *See, e.g., Simula*, 175 F.3d at 719 ("The FAA embodies a clear federal policy in favor of arbitration."). Consistent with this policy, there is a strong presumption of arbitrability such that "'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'" *Id.* (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983)). This presumption may only be overcome with "positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Techs., Inc. v. Comm'ns*

---

[3] In conferring on this Motion, Plaintiff's counsel claimed without explanation that Plaintiff was not bound by the ADR Agreement and refused limited discovery regarding the issue. Although the record is clear that Plaintiff is bound by the ADR Agreement, Walgreens reserves the right to seek discovery in aid of arbitration to if necessary. *See Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 726 (9th Cir. 1999) (quoting 9 U.S.C. § 4) ("The FAA provides for discovery and a full trial in connection with a motion to compel arbitration only if 'the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue.'").

Page 7   -   DEFENDANT'S MOTION TO COMPEL ARBITRATION AND/OR DISMISS

*Workers of Am.*, 475 U.S. 643, 650, 106 S. Ct. 1415, 89 L. Ed. 2d 648 (1986) (quoting *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582-83, 80 S. Ct. 1347, 4 L. Ed. 2d 1409 (1960)). If the claims presented even "touch matters" that are covered by the relevant arbitration agreement, they must be arbitrated, irrespective of how the allegations are labeled. *Simula*, 175 F.3d at 721 (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626, 105 S. Ct. 3346, 87 L. Ed. 2d 444 (1985)).

The ADR Agreement states that "[i]f a dispute ever arises between Member and Company relating in any way to the Agreement or the Company's Balance Rewards Program, including claims based on state or federal statutes, Member should first contact Company," and "[i]f the matter cannot be resolved informally," the parties "agree that any and all disputes or claims that have arisen or may arise between Member and Company shall be resolved exclusively through final and binding arbitration, rather than in court[.]" (McLean Dec. ¶ 6, Ex. 3 at 5.) This is broad language requiring arbitration of all disputes "relating in any way" to the Balance Rewards program and "any and all disputes between Member and Company." *See, e.g., Cape Flattery Ltd. v. Titan Mar., LLC*, 647 F.3d 914, 922 (9th Cir. 2011) ("[W]hen parties intend to include a broad arbitration provision, they provide for arbitration 'arising out of or relating to' the agreement."); *see also Chiron Corp.*, 207 F.3d at 1131 (observing that an arbitration agreement that applied to "'[a]ny dispute, controversy or claim arising out of or relating to the validity, construction, enforceability or performance of this Agreement'" is "broad and far reaching"); *Brown v. BYRV, Inc.*, No. 3:14-CV-01213-AC, 2015 WL 4507159, at *9 (D. Or. July 24, 2015) (describing arbitration clause covering any claim "relating in any way" to a motorhome as "very broad").

Page 8   -   DEFENDANT'S MOTION TO COMPEL ARBITRATION AND/OR DISMISS

Plaintiff's claims plainly come within the scope of the ADR Agreement. Plaintiff made a purchase of Wyler's lemonade packets using his Balance Reward program account number and earning points for the purchase, and he now claims that Walgreens' charges in connection with that transaction violated Oregon law. (McLean Dec. ¶ 4.) There no argument that this dispute is not "relating in any way" to the Balance Rewards program, or that it is not included within the "any and all disputes" that Plaintiff agreed to arbitrate with Walgreens as a condition of participating in the benefits of the Balance Rewards program.

Because a valid agreement to arbitrate exists between Plaintiff and Walgreens and because the agreement encompasses both of Plaintiff's claims for violation of Oregon law, the FAA "requires the court to enforce the arbitration agreement in accordance with its terms." *Chiron*, 207 F.3d at 1130. This Court should enter an order compelling Plaintiff to arbitrate his individual claims against Walgreens as required by the ADR Agreement.

**B.      This Action Should Be Dismissed Because All Claims Are Subject to Arbitration.**

In addition to compelling arbitration, the Court should order that this action be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). While the FAA authorizes a court to grant a stay pending resolution of arbitration, *see* 9 U.S.C. § 3, it does not limit a court's authority to dismiss a case when all claims raised in an action are subject to arbitration. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) (holding that the trial court acted within its discretion in dismissing, rather than staying, a plaintiff's claims); *Guest v. Air Liquide Am. Specialty Gases, LLC*, No. 3:17-cv-01969-AC, 2018 WL 4523147, at *16 (D. Or. June 28, 2018) ("'[T]he weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration.'") (citation omitted).

Page 9   -   DEFENDANT'S MOTION TO COMPEL ARBITRATION AND/OR DISMISS

In this case both of Plaintiff's claims are subject to arbitration, and the Court should therefore dismiss this action under Fed. R. Civ. P. 12(b)(1).[4] *Guest*, 2018 WL 4523147, at *16; *see also Vesta Corp. v. Amdocs Mgmt. Ltd.*, No. 3:14-cv-1142-HZ, 2016 WL 3436415, at *6 (D. Or. June 16, 2016) ("The Federal Arbitration Act . . . removes the court's subject matter jurisdiction to hear a claim when there is a valid, enforceable arbitration clause. Therefore, Defendants' motion to dismiss [under 12(b)(1)] is 'one means to raise its arbitration defense.'" (citation omitted)).

## IV. CONCLUSION

For the reasons above, Walgreens respectfully requests that the Court compel Plaintiff to arbitrate his claims and dismiss this lawsuit.

DATED: November 24, 2020.     STOEL RIVES LLP

*/s/ Timothy W. Snider*
TIMOTHY W. SNIDER, OSB No. 034577
timothy.snider@stoel.com
STEPHEN H. GALLOWAY, OSB No. 093602
stephen.galloway@stoel.com
Telephone: 503.224.3380

Attorneys for Defendant

---

[4] If the Court determines that the action should not be dismissed, Walgreens requests, in the alternative, that the Court stay the action pursuant to 9 U.S.C. § 3, so the parties can conduct arbitration as required by the ADR Agreement.

Page 10 -   DEFENDANT'S MOTION TO COMPEL ARBITRATION AND/OR DISMISS